

cause. But, again, the drawing of inferences from the facts is for the Board and not this court. NLRB v. Nevada Copper Co., 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305; NLRB v. Link Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368; H. J. Heinz Co. v. NLRB, 311 U.S. 514, 61 S.Ct. 320, 85 L. Ed. 309; NLRB v. Fairmont Creamery, 10 Cir., 144 F.2d 128; NLRB v. Fairmont Creamery, 10 Cir., 143 F.2d 668.

■ We hold as to each employee the inferences drawn from the facts were legally permissible.

The order will be enforced.

HUXMAN, Circuit Judge (dissenting).

I cannot agree with the majority that there is substantial evidence sustaining the Board's findings of violations of the rights of employees Arlington and Shelton guaranteed by the Act. As to them there is, in my opinion, a complete absence of any substantial evidence showing that they were discriminated against on account of Union activities. The explanation respondent gave is convincing to me and overcomes any implication of intent to violate their rights under the Act. This being a dissenting opinion, no effort will be made to recite the evidence to this conclusion. I would deny enforcement of the Board's order as to these employees. In all other respects I concur in the majority opinion.

Hugh S. Meredith, of Norfolk, Va. (Vandeventer & Black, of Norfolk, Va., on the brief), for appellant.

Leon T. Seawell, of Norfolk, Va., for appellee.

Before DOBIE, Circuit Judge, and WEBB and WATKINS, District Judges.

PER CURIAM.

This was a libel in admiralty in the United States District Court for the Eastern District of Virginia wherein libellant claimed damages and maintenance and cure. It arose out of an accident at sea on board the steamship Sam Houston II, of which libellant was chief engineer.

As the result of a storm, which had moderated, the pump in the flooded forepeak of the vessel had become clogged. The mate sent a request or order to libellant to inspect the pump and endeavor to repair it. While libellant was descending the ladder into the forepeak, he fell, or was thrown from the ladder by the motion of the vessel and sustained the physical injuries which form the basis of the libel. The District Court denied damages to the libellant but awarded libellant $105 for maintenance. Li-

---

**TARKENTON v. UNITED STATES.**
**THE SAM HOUSTON, II.**

No. 5751.

Circuit Court of Appeals.
Fourth Circuit.

Aug. 6, 1948.

bellant has appealed to us from this decision.

The District Court found that there was no negligence on the part of the ship and that the alleged bend in the ladder had no causal connection with the accident. There is ample evidence to support these findings.

Maintenance was allowed at the rate of $5 a day from the time the ship reached port until the libellant was discharged from the hospital as cured and fit for duty. We are unable to find any error in this allowance.

The decree of the District Court is affirmed.

Affirmed.

## ELMA REALTY CO. v. WOODS.

### No. 4343.

Circuit Court of Appeals.
First Circuit.

July 30, 1948.

Before MAGRUDER, GOODRICH, and WOODBURY, Circuit Judges.

Solomon Mondlick, of Boston, Mass., for appellant.

Nathan Siegel, Sp. Litigation Atty., of Washington, D. C. (Ed Dupree, Gen. Counsel, and Hugo V. Prucha, Asst. Gen. Counsel, both of Washington, D. C., on the brief), for appellee.

WOODBURY, Circuit Judge.

This is an appeal by a landlord from a final judgment entered by the District Court of the United States for the District of Massachusetts for the Acting Housing Expediter in an action brought by the latter under § 205(a) and (e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(a) and (e), for restitution to certain of the appellant's tenants of alleged overcharges in rent and for double the amount of the alleged overcharges as statutory damages.

The facts are not in dispute.

The defendant-appellant, Elma Realty Co., owned a building in Lynn, Massachusetts, which prior to a fire therein, in December, 1946, contained ten apartments all occupied as housing accommodations. The fire did not totally destroy the building but rendered the housing accommodations it contained unfit for human habitation. The Rent Director of the area concerned then issued an order under § 5-c-2 of the Rent Regulation reducing the maximum rent for each of the accommodations to $1.00 per week "due to substantial deterioration," and at the same time wrote a letter to the ap-